| | |
|---|---|
| **IN RE CENTRAL PROCESSING SERVICES, L.L.C.**, | 2:19-cv-13427 |
| Debtor, | |
| | HON. TERRENCE G. BERG |
| **UNITED STATES OF AMERICA**, | |
| Appellant, | **ORDER DENYING APPELLANT'S MOTION TO CONSOLIDATE** |
| v. | |
| **CENTRAL PROCESSING SERVICES, L.L.C.**, | |
| Appellee. | |

This is a bankruptcy case. As will be explained, it has generated two appeals by the United States of America ("the government"). Both appeals are assigned to the undersigned. Before the Court is the government's motion to consolidate the appeals. ECF No. 4. For the reasons that follow, the motion will be denied.

## BACKGROUND

On March 6, 2019, the Debtor filed a Chapter 11 petition. The government, particularly the Internal Revenue Service ("IRS") is the largest creditor, filing a proof of claim for over $6 million dollars. The bankruptcy court, over the Debtor's objections, held that the

1

government's claim was entitled to priority. On August 1, 2019, the government moved to dismiss the case. Other creditors supported the motion. The bankruptcy court, again over Debtor's objections, granted the motion but allowed the parties time to agree on the form of the dismissal order. Eventually, after not hearing from the parties on the form of order, the bankruptcy court issued its own dismissal order. The Debtor's Chapter 11 case was dismissed on September 23, 2019.

After the case was dismissed, the government filed a motion seeking an accounting, disgorgement, and other relief. In broad terms, the government argued that because the Debtor failed to make post-petition payments to the IRS, the IRS is entitled to an accounting of any amounts the Debtors paid as wages and as to any fees the Debtor paid to professionals. The Debtor objected to the motion. On November 5, 2019, the bankruptcy court denied the government's motion, essentially declining to exercise jurisdiction in the closed case. The government filed an appeal. That appeal is the subject of the instant case ("the Accounting and Disgorgement Appeal").

Meanwhile, on October 2, 2019, Schafer and Weiner, P.L.L.C., the law firm that represented the Debtor, and Harmon Partners, L.L.C., the Debtor's financial advisors, filed final fee applications. The government objected to both fee applications. The bankruptcy court granted in part and denied in part the fee applications in separate orders dated

December 3, 2019. The government has appealed the fee orders, which are the subject of case no. 2:19-cv-13711 ("the Fee Order Appeal").

On January 30, 2020, four days before its brief was due in the Accounting and Disgorgement Appeal, the government filed the instant motion to consolidate. ECF No. 4. The Debtors oppose the motion. ECF No. 7. The government replied. ECF No. 9.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 42(a)(2) authorizes courts to consolidate actions that "involve a common question of law or fact[.]" Furthermore, Federal Rule of Bankruptcy Procedure 8003(b) permits consolidation if parties separately file notices of appeal. The party moving for consolidation bears the burden of demonstrating the commonality of law, facts or both in cases sought to be combined, *Young v. Hamric*, 2008 WL 2338606 at *4 (E.D. Mich. 2008), and the court must examine "the special underlying facts" with "close attention" before ordering a consolidation. *In re Repetitive Stress Injury Litigation*, 11 F.3d 368, 373 (2d Cir. 1993) (quoting *Katz v. Realty Equities Corp.*, 521 F.2d 1354, 1361 (2d Cir. 1975)).

## DISCUSSION

Although the Accounting and Disgorgement Appeal and Fee Order Appeal overlap somewhat in their factual and procedure history, as noted above, and both involve fees paid to certain professionals, the legal issues and the relief sought in each appeal are different. The Accounting and

Disgorgement Appeal focuses on government's right to seek affirmative relief after asking for and obtaining a dismissal of the Debtor's Chapter 11 case. The Fee Order Appeal focuses on the right of Debtor's law firm and financial advisor to fees for the services provided on behalf of the Debtor. The government filed two distinct motions and the bankruptcy court entered two separate orders. Under the circumstances, the Court finds that the better course is for the appeals to proceed separately, with each appeal having its own series of briefs.

## CONCLUSION

For the reasons stated above, the government's motion is **DENIED**.

Further, because the time for filing the government's opening brief in both appeals has passed,[1] the Court imposes the following deadlines for the filing of briefs. The government's briefs in both appeals are due **within 20 days of the date of this order**. Appellees' briefs are due 30 days thereafter. Any reply brief shall be filed **within 14 days thereafter**.

---

[1] The government also moved for an extension of time in its motion to consolidate. The Court suspended briefing in both appeals until the motion to consolidate was adjudicated. *See* text only order dated February 3, 2020. Under Federal Rule of Bankruptcy Procedure 8018, the "appellant must serve and file a brief within 30 days after the docketing of the notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). The record in the Accounting and Disgorgement Appeal was filed on January 2, 2020, making the government's brief due February 3, 2020 (February 2 is a Sunday). The record in the Fee Order Appeal was filed on January 13, 2020, making the government's brief due February 13, 2020.

SO ORDERED.

Dated: March 23, 2020          s/Terrence G. Berg
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE